UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES S. VARGO, | : | Civil No. 09-4260 (RMB) |
| Petitioner, | : | |
| v. | : | **MEMORANDUM OPINION** |
| JEFF GRONDOLSKY, et al., | : | |
| Respondents. | : | |

It appearing that:

1. On or about August 20, 2009, James S. Vargo, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to place him in a community corrections center ("CCC") for more than six months violates the Second Chance Act, as interpreted in Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009).

2. The Second Chance Act modified the pre-release custody placement statute by (1) doubling the pre-release placement period from six to 12 months, (2) requiring the BOP to make CCC placement decisions on an individual basis, and (3) requiring the BOP to ensure that, consistent with the factors in 18 U.S.C. § 3621(b), the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. See 18 U.S.C. § 3624(c).

3. Petitioner asserts the following facts. Petitioner is serving a 78-month sentence based on his conviction by jury to

conspiring to distribute and possess with intent to distribute "ecstasy." His projected release date is November 30, 2010. Petitioner asserts that BOP officials determined to place him in a CCC on June 3, 2010, for the final six months of his sentence. He states that he did not pursue administrative relief. He maintains that exhaustion is not required because he is challenging the BOP's policy of not giving any inmate more than six months and because the exhaustion of administrative remedies would render his case moot, given the time it takes to exhaust.

4. The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

5. The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding.

2

> It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

    6.  The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may

submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. § 542.18. And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

    7. Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its

expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

8. Petitioner admits that he did not exhaust administrative remedies.  He maintains that he should be excused from pursuing administrative relief because he is challenging the BOP's policy of not giving CCC placements for more than six months and because exhaustion would render his case moot, given the time it takes to pursue the three-step process.

9. This Court rejects Petitioner's contention that exhaustion should be excused because exhaustion of administrative relief would render his claim moot.  Congress adopted the Second Chance Act on April 9, 2008.  Petitioner knew since April 9, 2008, that if he were given a 12-month CCC placement, his placement would begin on November 30, 2009.[1]  Petitioner has shown no reason why he could not have pursued administrative

---

[1] Moreover, this Court issued the Strong v. Schultz decision on February 26, 2009.

relief 18 months prior to his projected release date of October 24, 2010.[2]

10. Petitioner also contends that exhaustion would be futile and he should be excused from pursuing administrative relief because he is challenging the BOP's policy of not placing inmates in a CCC for more than six months. The problem with this argument is that Petitioner does not contend that he was denied a placement more than six months on the basis of a BOP policy. In other words, unlike the situation in <u>Strong</u> where the BOP expressly relied on a BOP-issued letter limiting placements to six months, in this case, the BOP has not issued a written placement decision which relies on the BOP's letter limiting placements to six months. Thus, if Petitioner were to pursue administrative relief, it is conceivable that the Regional Director or the Central Office may overturn Petitioner's six-month placement and direct staff to give Petitioner a 12-month placement.

11. Under these circumstances, this Court sees no reason to excuse Petitioner's failure to exhaust administrative remedies. <u>See</u> <u>Brown v. Grondolsky</u>, 2009 WL 2778437 (D.N.J. Aug. 31, 2009) (dismissing § 2241 petition for failure to exhaust where

---

[2] This is so even if BOP officials did not determine Petitioner's placement date 18 months before Petitioner's release date. In that case, like Strong, Petitioner could have filed an administrative remedy on the ground that officials failed to make a timely placement decision.

petitioner argued that exhaustion was unavailable because the warden did not consider CCC placement prior to the final 12-month period of sentence and futile because warden said it was not necessary to comply with Strong); Huggins v. Grondolsky, 2009 WL 2413658 (D.N.J. Aug. 4, 2009) (dismissing § 2241 petition for failure to exhaust where petitioner argued that the time sensitive nature of CCC placement excused failure to exhaust); Cooper v. Grondolsky, 2009 WL 2049168 (D.N.J. July 8, 2009) (same); Shoup v. Schultz, 2009 WL 1544664 at *4 (D.N.J. June 2, 2009) ("While Petitioner invites this Court to reach an umbrella conclusion that no exhaustion of administrative remedies is ever required for any litigant raising a § 2241 challenge on the grounds of the Second Chance Act, this Court declines the invitation and finds that such holding would fly in the face of the Third Circuit's teaching - as to the firmness of the exhaustion requirement").

    12. Because Petitioner failed to exhaust administrative remedies regarding his CCC placement under the Second Chance Act and Petitioner has not shown why the failure to exhaust administrative relief should be excused, this Court will dismiss the Petition for failure to exhaust administrative remedies. Id. The dismissal is without prejudice to either the filing of a motion to reconsider setting forth proper grounds as to why Petitioner failed to exhaust his administrative remedies or the

filing of a new § 2241 petition after Petitioner exhausts administrative relief. See <u>Lindsay v. Williamson</u>, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit").

    13.  An appropriate Order accompanies this Memorandum Opinion.

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
United States District Judge

Dated: September 23, 2009

8