```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


JAMES S. VARGO,              :    Civil No. 09-4260 (RMB)
                             :
          Petitioner,        :
                             :
     v.                      :    MEMORANDUM OPINION
                             :
JEFF GRONDOLSKY,             :
                             :
          Respondents.       :
                             :
```

IT APPEARING THAT:

1. On or about August 20, 2009, James S. Vargo, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 claiming that the failure to place him in a community corrections center ("CCC") for more than six months violates the Second Chance Act, as interpreted in Strong v. Schultz, 599 F. Supp. 2d 556 (D.N.J. 2009).

2. By Order and Opinion entered September 23, 2009, this Court dismissed the Petition without prejudice for failure to exhaust administrative remedies.  This Court considered, and rejected, Petitioner's arguments that failure to exhaust should be excused because he is challenging the BOP's policy of not giving CCC placements for more than six months and because exhaustion would render his case moot, given the time it takes to pursue the three-step process.

3. On October 23, 2009, Petitioner filed a motion to reconsider dismissal of the Petition as unexhausted.

4. Local Civil Rule 7.1(i) provides that a motion for consideration "shall be served and filed within 10 business days after the entry of the order or judgment[.]" A motion for reconsideration may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

5. In this case, Petitioner's motion is untimely. To file a timely motion for reconsideration, Petitioner had to hand it to prison officials for mailing on or before October 7, 2009. Because the cover letter for the motion is dated October 26, 2009, the motion is untimely.

6. This Court will nevertheless grant Petitioner's motion to reconsider the Order dismissing the Petition as unexhausted and, after reconsideration, will again dismiss the Petition as unexhausted.

7. In his motion for reconsideration, Petitioner argues that, although the regulation governing placements under the Second Chance Act does not limit them to any period of less than 12 months, his failure to pursue administrative relief should be

2

excused because the Bureau of Prisons has an unwritten policy of limiting placements to six months.  Such an unwritten policy may or may not exist.  However, given the absence of either a written policy of limiting placements to six months or official reliance on such an unwritten policy in Petitioner's case, the existence of an unwritten policy does not excuse Petitioner's failure to pursue administrative relief.  If Petitioner had pursued administrative relief, he could have argued in his administrative appeal that he was denied a placement of more than six months on the basis of such an unwritten policy; then the Regional Office and/or Central Office of the Bureau of Prisons would have the opportunity to respond to this argument by admitting or denying the existence of such a policy.  Because Petitioner did not exhaust administrative remedies, he has foreclosed the Bureau's ability to respond to this argument in the administrative forum.

8.  Moreover, as this Court stated in its first Memorandum Opinion, the adoption of the Second Chance Act and this Court's ruling in <u>Strong v. Schultz</u>, both occurred more than 18 months before the end of Petitioner's 78-month sentence on November 30, 2010.[1]  Thus, Petitioner had ample opportunity to present his arguments to the Bureau of Prisons in the administrative forum and still preserve judicial review.  Petitioner has provided no

---

[1] Eighteen months prior to the end of Petitioner's sentence was June 1, 2009.  The Second Chance Act was adopted April 9, 2008, and the <u>Strong</u> decision issued February 26, 2009.

reason for this Court to excuse Petitioner's failure to pursue timely administrative relief. Accordingly, this Court will again dismiss the Petition without prejudice for failure to exhaust administrative remedies.

    9. An appropriate Order accompanies this Opinion.

                                   s/Renée Marie Bumb
                                   **RENÉE MARIE BUMB**
                                   United States District Judge

Dated: November 2, 2009